IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

FILED
JAN - 8 2015
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

| | | |
|---|---|---|
| BOOKER DIXON, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | MO-13-CV-085 |
| | § | |
| GRANDE COMMUNICATIONS | § | |
| NETWORKS LLC, | § | |
|     Defendant. | § | |

## MEMORANDUM ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court are Defendant's Motion for Summary Judgment and Brief in Support (Doc. No. 31), Defendant's Appendix in Support of Its Motion for Summary Judgment (Doc. No. 32), Plaintiff's Opposition to Defendant's Motion for Summary Judgment (Doc. No. 37), and Defendant's Reply in Support of Its Motion for Summary Judgment (Doc. No. 39). The Court held a hearing over Defendant's motion on January 7, 2015, and orally granted summary judgment in favor of Defendant. The Court's Memorandum Order now issues.

## BACKGROUND

### I.   Procedural

This suit arises out of an employment dispute. Plaintiff, proceeding *pro se*, originally filed this action in the 161st District Court of Ector County, Texas on July 26, 2013. Plaintiff alleged causes of action against Defendant for: (1) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"); (2) race discrimination in violation of § 1981 of the Civil Rights Act of 1866, as amended, and Title VII of the Civil Rights Act of 1964; and (3) retaliatory termination for filing a Texas workers' compensation claim in violation of Texas Labor Code § 451.001.

Defendant filed a Notice of Removal in this Court on September 3, 2013 pursuant to 28 U.S.C. § 1331. On October 2, 2013, Plaintiff filed a motion seeking severance and remand of his Texas workers' compensation retaliatory termination claim. The Court granted the motion on October 24, 2013, and severed and remanded Plaintiff's Texas workers' compensation retaliatory termination claim. On November 3, 2014, Defendant filed the motion currently before the Court seeking summary judgment on the remaining claims.

II.     Factual

Plaintiff began working for Defendant on November 1, 2004 as a cable install technician. Pl.'s First Am. Compl. ¶ I.15, Doc. No. 24. During his tenure, Plaintiff alleges despite a satisfactory job performance, he was discriminated against by Defendant based on his race and age. *Id.* at ¶ I.17. Specifically, Plaintiff claims his two supervisors discriminated against him in the following ways: (1) white or younger install technicians were allowed to wear bandanas as head gear but Plaintiff was not; (2) Defendant paid for any lost or stolen tools for white install technicians but not Plaintiff; (3) Plaintiff's pay increase was well below white or younger install technicians' pay increases; (4) Plaintiff was always given the dirtiest truck to drive; (5) white install technicians could talk at a meeting while Plaintiff could not; (6) when white install technicians threatened the supervisor nothing was done but Plaintiff had to produce a witness to verify he had not threatened the supervisor; (7) younger install technicians were given easier jobs; (8) white and younger install technicians received winter jackets but not Plaintiff; and (9) Plaintiff's supervisor did not visit the site of Plaintiff's on-the-job injury but would visit sites when younger or white install technicians were injured. *Id.* at ¶¶ I.18, I.19; Dixon Aff. ¶¶ (1)–(9).

On August 26, 2011, Plaintiff states he sustained an electrical burn to his left arm while working and he immediately reported the injury to his supervisor. Pl.'s First Am. Compl. ¶ I.18(a); Dixon Aff. ¶ (1). Despite the injury, Plaintiff alleges his supervisor asked him to finish the work day and failed to visit the work site where the injury took place. *Id.*; *Id.*

Plaintiff then filed a workers' compensation claim and received treatment under the claim. *See* Brutcher Decl. ¶ 4; Def.'s App. Ex. A-1, Tex. Workers' Compensation Work Status Reports. Following each treatment, he was released to work with no restrictions. *Id.*; *Id.* On February 21, 2012, Plaintiff went on FMLA leave and short-term disability leave due to continued pain in his left arm. Def.'s App. Exs. A-3, A-4, A-5, and A-6. At the end of Plaintiff's leave period (April 5, 2012), Defendant informed Plaintiff if he remained unable to work, he needed to provide documentation from a doctor. Dixon Dep. 122:2–7; Henk Decl. ¶ 8; Def.'s App. Ex. A-8. Defendant advised Plaintiff if he did not provide said documentation, it would treat any continued absence as job abandonment. Dixon Dep. 122:2–7; Henk Decl. ¶ 8; Def.'s App. Ex. A-8. Plaintiff did not return to work, Brutcher Decl. ¶ 8, and Defendant did not receive further documentation from Plaintiff. Pl.'s First Am. Compl. ¶ II.16; Def.'s App. Ex. A-8. Therefore, Plaintiff was terminated April 6, 2012. *Id.*; *Id.*

## STANDARD OF REVIEW

Summary judgment should be granted only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party bears the initial burden of informing the court of the basis for the motion and demonstrating the absence of a genuine issue of material fact. *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 533 (5th Cir. 1996).

If the movant carries this burden, the burden shifts to the nonmovant to show the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The nonmoving party may not rest upon the allegations or denials contained in his pleading, but instead he must show specific facts creating the existence of a genuine issue that needs to be decided by a factfinder. FED. R. CIV. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Conclusional allegations, speculation, improbable inferences, or a mere scintilla of evidence are insufficient to defeat a summary judgment motion. *Michaels v. Avitech, Inc.*, 202 F.3d 746, 754–55 (5th Cir. 2000).

Any inferences drawn from the underlying facts in dispute must be viewed in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587. If the record, viewed in this manner, could not lead a rational trier of fact to find for the nonmovant, then summary judgment is proper. *Kelley v. Price-Macemon, Inc.*, 992 F.2d 1408, 1413 (5th Cir. 1993) (citing *Matsushita*, 475 U.S. at 577–78). If, on the other hand, the factfinder could reasonably find in the nonmovant's favor, then summary judgment should be denied. *Id.* (citing *Anderson*, 477 U.S. at 250). Finally, even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that it would be prudent to proceed to trial. *Anderson*, 477 U.S. at 255.

## DISCUSSION

Defendant moves for summary judgment on the following grounds: (1) failure to exhaust administrative remedies; (2) claims are time-barred; and (3) Defendant did not discriminate against Plaintiff based on his age or race.

I.  **Failure to Exhaust Administrative Remedies**

Before an individual can pursue a Title VII or ADEA claim in federal court, he must exhaust his available administrative remedies by filing a charge with the EEOC. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002) (Title VII); *D.A. ex rel. Latasha A. v. Houston Indep. Sch. Dist.*, 629 F.3d 450, 455 (5th Cir. 2010) (ADEA). A lawsuit stemming from an EEOC charge "may be based, not only upon the specific complaints made by the employee's initial charge, but also upon any kind of discrimination like or related to the charge's allegations, limited only by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charges of discrimination." *Fine v. GAF Chem. Corp.*, 995 F.2d 576, 578 (5th Cir. 1993) (quoting *Fellows v. Universal Rest., Inc.*, 701 F.2d 447, 451 (5th Cir. 1983)); *see Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970) (establishing this standard); *see also Nat'l Ass'n of Gov't Emp. v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 711 (5th Cir. 1994) (citing *Sanchez* with approval). Because a person filing an EEOC charge is usually not represented by counsel, the court must not strictly construe the EEOC charge and require the complainant to allege every instance of discrimination. *Kojin v. Barton Protective Serv.*, 339 F.Supp.2d 923, 926 (S.D. Tex. 2004). "[T]his rule protects unlettered lay persons making complaints without legal training or the assistance of counsel." *Fine*, 995 F.2d at 578; *Clark v. Kraft Foods, Inc.*, 18 F.3d 1278, 1280 n.7 (5th Cir. 1994) (citing *Fellows*, 701 F.2d at 452); *Sanchez*, 431 F.2d at 465; *see Price v. Southwestern Bell Tel. Co.*, 687 F.2d 74, 78 (5th Cir. 1982) ("[W]e construe employment discrimination charges with the utmost liberality ....").

Here, Plaintiff checked the boxes for both age and race discrimination on his EEOC charge. Further, Plaintiff set forth some examples of alleged age and race discrimination in his EEOC charge

5

and expounded upon those examples in his First Amended Complaint. Defendant argues some of the alleged discriminating scenarios were not set forth in Plaintiff's EEOC charge and therefore Plaintiff failed to exhaust remedies as to those allegations. However, as noted Plaintiff's EEOC charge was clear that he was alleging race and age discrimination and set forth examples of the alleged discrimination. Therefore, Plaintiff's complaint may be based, not only upon the specific allegations made by Plaintiff's initial EEOC charge, but also upon any kind of discrimination like or related to the charge's allegations, limited only by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charges of discrimination relate to race and age. *See Fine*, 995 F.2d at 578.

In this case, Plaintiff's allegations in his First Amended Complaint include the specific examples of race and age discrimination set forth in the initial EEOC charge as well as a few other allegations of race and age discrimination. The Court finds the extra allegations are either related to Plaintiff's initial race and age discrimination allegations or through an investigation could be expected to grow out of Plaintiff's initial EEOC charge. Therefore, Plaintiff has exhausted his administrative remedies as to the allegations of race and age discrimination as set forth in his First Amended Complaint.

## II. Time-Barred Claims

Defendant next argues some of Plaintiff's age and race allegations are time-barred. Specifically, Defendant contends to following claims are time-barred: (1) Defendant paid for any lost or stolen tools for white install technicians but not Plaintiff; (2) white install technicians could talk at a meeting while Plaintiff could not; and (3) Plaintiff's supervisor did not visit the site of Plaintiff's

on-the-job injury but would visit sites when younger or white install technicians were injured. Plaintiff did not address whether these specific claims are time-barred in his response.

As Defendant notes, a plaintiff must file a charge of discrimination within 300 days of the alleged unlawful practice. 29 U.S.C. § 626(d)(1); *see also Martin v. Lennox Intern. Inc.*, No. 08-10822, 342 F. App'x 15, 18 (5th Cir. July 16, 2009). Here, Plaintiff filed his EEOC charge on October 3, 2012. Therefore, any allegations which occurred before December 8, 2011 are time-barred. Upon review of the summary record, the following allegations are time barred: (1) Defendant paid for any lost or stolen tools for white install technicians but not Plaintiff, First Am. Compl. ¶ I.18(c)(occurring on January 5, 2011); (2) white install technicians could talk at a meeting while Plaintiff could not, First Am. Compl. ¶ I.18(f)(occurring on August 20, 2011); and (3) Plaintiff's supervisor did not visit the site of Plaintiff's on-the-job injury but would visit site when younger and white install technicians were injured, First Am. Compl. ¶ I.18(a)(occurring on August 26, 2011); Dixon Dep. 90:14–17.

### III. Discrimination Claims

Plaintiff first asserts a race discrimination claim under Title VII and 42 U.S.C. § 1981, which employ the same analysis. *Walker v. Geithner*, No. 10–10191, 400 F. App'x 914, 915–16 (5th Cir. Nov. 4, 2010) (per curiam) (citing *Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 651 (5th Cir. 2004)); *Jackson v. Watkins*, 619 F.3d 463, 466 (5th Cir. 2010). Plaintiff also claims Defendant discriminated against him based on his age in violation of the ADEA.

Title VII prohibits an employer from discriminating against an employee because of the "individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e–2(a). The ADEA provides that "it shall be unlawful for an employer ... to discharge any individual or otherwise

discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Both Title VII and ADEA discrimination can be proven by either direct or circumstantial evidence. *Jackson*, 619 F.3d at 466. In order for evidence to be "direct," it must, if believed, prove the fact in question without inference or presumption. *Portis v. First Nat'l Bank of New Albany, Miss.*, 34 F.3d 325, 328–29 (5th Cir. 1994).

In this case, the record does not reflect direct evidence of racial or age discrimination. Accordingly, Plaintiff's claims of race and age discrimination are analyzed under the burden-shifting framework provided by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 941 (5th Cir. 2005) (circumstantial evidence of racial discrimination analyzed under *McDonnell Douglas* burden-shifting framework); *accord Jackson v. Cal–Western Packaging Corp.*, 602 F.3d 374, 378 (5th Cir. 2010) (circumstantial evidence of age discrimination analyzed under *McDonnell Douglas* burden-shifting framework).

According to the *McDonnell Douglas* framework, a plaintiff must first establish a *prima facie* case of discrimination. *McDonnell Douglas*, 411 U.S. at 802. For a racial discrimination claim, a plaintiff must show he was: (1) a member of a protected class; (2) qualified for the position held; (3) subject to an adverse employment action; and (4) was replaced by someone outside the protected class, or in the case of disparate treatment, treated differently from others similarly situated. *Abarca*, 404 F.3d at 941 (citing *Rios v. Rossotti*, 252 F.3d 375, 378 (5th Cir. 2001)). For a *prima facie* case of age discrimination, a plaintiff must show: (1) he is over forty years of age; (2) he is qualified for the position; (3) he was subjected to an adverse personnel action; and (4) he was replaced by

someone younger, but not insignificantly younger, or treated less favorably than similarly situated younger employees. *Smith v. City of Jackson, Miss.*, 351 F.3d 183, 196 (5th Cir. 2003).

If a plaintiff successfully establishes a *prima facie* case, there is an inference of intentional discrimination. *McDonnell Douglas*, 411 U.S. at 792. The burden of production then shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse employment action. *Id.* at 801–03; *Rachid v. Jack in the Box*, 376 F.3d 305, 312 (5th Cir. 2004). If the defendant satisfies its burden of establishing a legitimate, non-discriminatory reason, which, if believed, would support a finding that the challenged action was non-discriminatory, the inference of discrimination raised by the plaintiff's *prima facie* case dissipates. *Grimes v. Tex. Dept. of Mental Health and Mental Retardation*, 102 F.3d 137, 140 (5th Cir. 1996).

For racial discrimination cases, the burden then shifts back to the plaintiff to create a genuine issue of material fact that the defendant's reason is not true, but is instead a pretext for discrimination. *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 141 (2000). For age discrimination cases, the burden shifts back to the plaintiff to create a genuine issue of material fact that age was the "but-for" cause of the challenged adverse employment action. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 175 (2009). "But-for" cause means the cause without which the challenged adverse employment action would not have occurred. *See Long v. Eastfield Coll.*, 88 F.3d 300, 305 n. 4 (5th Cir. 1996).

Here, Defendant does not dispute the first and second prongs of the *prima facie* cases. Rather, Defendant argues Plaintiff cannot establish a *prima facie* case of race or age discrimination because he was not the subject of an adverse personnel action nor was he replaced by someone younger or white or treated less favorably than similarly situated younger or white employees.

### A.     Whether Plaintiff was subject to an adverse employment action

Defendant argues Plaintiff has no evidence to support a showing of an adverse employment action. Specifically, Defendant contends none of the allegations of discrimination amount to ultimate employment decisions. Further, Defendant asserts Plaintiff has no evidence he was subjected to any disciplinary action related to the alleged discriminatory incidents. Finally, Defendant argues Plaintiff abandoned his position at the end of his approved FMLA leave period.

For all Title VII and ADEA claims, "adverse employment actions include only ultimate employment decisions such as hiring, granting leave, discharging, promoting or compensating." *McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007). Here, as Defendant notes, the summary record shows no evidence Plaintiff was subjected to any disciplinary action related to the alleged discriminatory incidents. Further, Plaintiff was not denied FMLA leave. Def.'s App. Exs. A-3, A-4, A-5, and A-6. That is, the record shows Plaintiff suffered an injury for which he was approved FMLA leave from February 21, 2012 through April 5, 2012. Def.'s App. Ex. A-8.

Regarding an ultimate employment decision, Plaintiff's FMLA approval letter informed him that if he was unable to return to work on April 6, 2012, he needed to provide updated medical documentation from his health care provider. Def.'s App. Ex. A-5. Defendant contacted Plaintiff on April 5, 2012 to discuss the conclusion of Plaintiff's FMLA leave. Def.'s App. Ex. A-8. During that conversation, Defendant reminded Plaintiff if he could not return to work he needed to provide documentation. *Id.* Defendant further informed Plaintiff if he did not return to work, Defendant would consider Plaintiff's action as job abandonment.[1] *Id.* Plaintiff did not return to work on April

---

[1] Defendant sent Plaintiff a letter detailing their April 5th conversation and informing Plaintiff they considered his failure to provide further documentation and failure to return to work as job abandonment. Def.'s App. Ex. A-8.

10

6, 2012. Butcher Decl. ¶ 8. The record shows Plaintiff testified he did not ask Defendant to extend his FMLA leave; Plaintiff stated he never asked for more time to get a doctor's note or appointment for updated health documentation after his FMLA leave expired. Dixon Dep. 121:13–16, 159:5–8. Plaintiff argues in his response he had been diagnosed with severe carpel tunnel syndrome, needed surgery, and therefore, could not return to work. Even so, despite the known requirements, Plaintiff failed to submit any additional medical documents demonstrating a need for further time off from work for surgery. As such, the record shows Plaintiff voluntarily did not return to work as opposed to Defendant subjecting Plaintiff to an adverse employment action.

**B. Whether Plaintiff was replaced by younger or white technicians or subject to disparate treatment**

Assuming *arguendo* Plaintiff was subject to an adverse employment action, Defendant argues Plaintiff failed to show he was he was replaced by someone younger or white or treated less favorably than similarly situated younger or white employees. The Court agrees.

First, the record contains no evidence of whether Plaintiff was replaced by a younger technician, white technician, or by any technician at all. Therefore, Plaintiff has failed to demonstrate this element of his *prima facie* case.

Second, as to disparate treatment, a plaintiff must show the employer "gave preferential treatment to [ ] [another] employee under 'nearly identical' circumstances"; that is, "'that the misconduct for which [the plaintiff] was discharged was nearly identical to that engaged in by ... [other] employee[s].'" *See Little v. Republic Ref. Co., Ltd.*, 924 F.2d 93, 97 (5th Cir. 1991); *Smith v. Wal-Mart Stores*, 891 F.2d 1177, 1180 (5th Cir. 1990). To this end Plaintiff's burden is to show the conduct for which he was discharged was nearly identical to that engaged in by a younger or

11

white employee whom the company retained. *See Smith*, 891 F.2d at 1180 (citations omitted). In addition to nearly identical conduct, the employees' circumstances must be nearly identical. *See Krystek v. Univ. of So. Miss.*, 164 F.3d 251, 257 (5th Cir. 1999) (non-tenure track professor is not similarly situated to a tenure track professor).

Plaintiff alleges the following instances of disparate treatment:[2] (1) white or younger install technicians were allowed to wear bandanas as head gear but Plaintiff was not; (2) Plaintiff's pay increase was well below white or younger install technicians' pay increases; (3) Plaintiff was always given the dirtiest truck to drive; (4) when white install technicians threatened the supervisor nothing was done but Plaintiff had to produce a witness to verify he had not threatened the supervisor; (5) younger install technicians were given easier jobs; and (6) white and younger install technicians received winter jackets but not Plaintiff. Pl.'s First Am. Compl. ¶¶ I.18, I.19. While these allegations speak to disparate treatment, there is no nexus between these allegations and Plaintiff's alleged termination. Plaintiff's termination was handled by Angie Henk and Tracy Brutcher in the human resources department. Whereas, the allegations of disparate treatment centered around the conduct of his two supervisors. Further, the summary record contains no evidence that the conduct for which he was discharged was nearly identical to that engaged in by a younger or white employee whom the company retained. That is, there is no evidence that a younger or white employee at the end of an approved FMLA leave period, who did not request or submit further documentation to support and extension of FMLA leave, was not considered to have abandon his job. As such, Plaintiff failed to meet his *prima facie* burden of showing disparate treatment.

---

[2]The Court notes it only addresses the allegations that are not time-barred.

## CONCLUSION

Based on the above stated reasons, the Court grants summary judgment in favor of Defendant. The Court finds the following claims of discrimination are time-barred: (1) Defendant paid for any lost or stolen tools for white install technicians but not Plaintiff; (2) white install technicians could talk at a meeting while Plaintiff could not; and (3) Plaintiff's supervisor did not visit the site of Plaintiff's on-the-job injury but would visit sites when younger or white install technicians were injured. As to the remainder of Plaintiff's claims under Title VII, § 1981 and the ADEA, when viewing the facts in a light most favorable to Plaintiff, Plaintiff failed to demonstrate a *prima facie* case of age and race discrimination. Therefore, no genuine issues of material fact remain. Accordingly,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (Doc. No. 31) is hereby **GRANTED.**[3]

**IT IS SO ORDERED.**
**SIGNED** this _____ Day of **JANUARY, 2015**.

ROBERT JUNELL
United States District Judge
Western District of Texas

---

[3] Because the Court granted summary judgment in favor of Defendant, Plaintiff's claim for back pay is denied.